The Employment Law Firm
Cynthia L. Pollick, LLM                                                          Attorney for Plaintiff
I.D. No.: 83826
Greater Pittston Professional Center
126 S. Main Street, Suite 201
Pittston, PA 18640
(570) 654-9675
_____

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| POLICE OFFICER ERIC VIOLA, | : | CIVIL ACTION – LAW |
| | : | |
| Plaintiff | : | JURY TRIAL DEMANDED |
| | : | |
| v. | : | |
| | : | |
| THROOP BOROUGH, et al., | : | Judge Munley |
| | : | |
| Defendants | : | NO.   06-1930 |

## BRIEF IN OPPOSITION TO
## DEFENDANTS' PARTIAL MOTION TO DISMISS

This Brief is filed in opposition to Defendants' Partial Motion to Dismiss Complaint.

## STATEMENT OF THE CASE

Officer Viola has been Police Officer for 15 years, and has served Throop for the last six (6) years.  Officer Viola testified at a hearing concerning family relationships on May 18, 2006. Defendants, Mayor Lukowski, Chief Furiso and Councilman Tony Chazan were present at a hearing in Lackawanna County Courthouse; however, they had no purpose for being there since they were not called as a witness for either party.  Additionally and interestingly, prior to his

appearance at the hearing, Chief Furiso transported the Petitioner to the Courthouse to pursue the issues being addressed against one of his own men, Officer Viola on 5/18/06.

Officer Viola was successful in his position at the 5/18/06 hearing. Within less than seven (7) days, Officer Viola became the victim of an alleged investigation. The results of the alleged investigation caused Officer Viola to be suspended indefinitely. However, Officer Viola was not presented with an explanation of the evidence against him or given an opportunity to "tell his side of the story" prior to his property interest in not being suspended without just cause was taken away from him.

Officer Viola lost wages and benefits as a result of the unjust suspension. In late June 2006, Officer Viola filed a grievance over his unjust suspension. On July 14, 2006, Officer Viola was again suspended without pay for 10 work days in retaliation for petitioning the Borough for relief from his unjust suspension.

## QUESTIONS PRESENTED

I.     Whether this Court should deny Defendants' motion to dismiss since Plaintiff has stated claims for 1983 violations?

Suggested Answer:  In the Affirmative

## DISCUSSION OF THE LAW[12]

When considering a Motion to Dismiss pursuant to 12(b)6, the court reviews only the Complaint and matters of public record to see if plaintiff states a claim for relief. *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 988 F.2d 1192 (3d Cir. 1993). All allegations must be taken as true and viewed in the light most favorable to plaintiff under any set of facts that are consistent with allegations. *Warth v. Seldin*, 422 U.S. 490, 45 L. Ed 2d 343, 95 S. Ct. 2197 (1975). Motions to dismiss are sparingly granted and only when the complaint fails to disclose any case entitling plaintiff to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 81 L. Ed. 2d 59, 104 S. Ct. 2229 (1984).

The Supreme Court has definitely stated that "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions". *Alston v. Parker,* 363 F.3d 229, 233 (3d Cir., 2004)(citing *Swierkiewicz v. Sorema N.A*., 534 U.S. 506, 513, 152 L. Ed. 2d 1, 122 S. Ct. 992 (2002). All that is required is a "short and plain statement to show a right to relief, not a detailed recitation of the

---

[1] In Court I, Plaintiff does not seek relief for Substantive Due Process Violations, but rather Procedural Due Process violations. Therefore, Defendants' arguments about substantive due process in that count are moot. Also, Viola seeks claims against the individual defendants in their individual and official capacity; however, Viola concedes that the official capacity claims are treated as claims against the entity itself. Therefore, dismissal of the official capacity claim is moot.

[2] Defendants claim that Plaintiff has not stated a claim for Equal Protection; however, Viola will show that he was treated differently than other similarly situated police officers, and therefore, he will have an Equal Protection claim. However, at this juncture, Viola only has to state a "short and plain statement to show a right to relief, not a detailed recitation of the proof that will in the end establish such a right." *Pryor v. NCAA*, 288 F.3d 548 (3d Cir. 2002).

proof that will in the end establish such a right." *Pryor v. NCAA*, 288 F.3d 548 (3d Cir. 2002).

As noted by the Third Circuit, "[t]he general philosophy of the pleading rules is that they should give fair notice, should be liberally construed, be subject to liberal amendment, and that decisions should be on the merits and not on technical niceties of pleading." *Lundy v. Adamar of NJ*, 34 F.3d 1173 (3d Cir. 1994). In fact, "[t]he real importance of the pleadings rules is that they making pleadings, in and of themselves relatively unimportant. Cases are to be decided on the merits." *Id.*

To survive a motion to dismiss, Plaintiff must provide information from which each claim can be inferred, and it is Defendant who bears the burden to show that Plaintiff has failed to state a claim. *Turniski v. City of Wilkes-Barre*, 04-1919 (M.D. Pa. 2005)(Caputo, J).

## POINT ONE[3]
## OFFICER VIOLA WAS NOT GIVEN A POST-SUSPENSION HEARING EVEN THOUGH HE FILED A GRIEVANCE

The Supreme Court has stated that a plaintiff need not exhaust his state administrative remedies before filing in federal court. *Patsy v. Board of Regents of State of Florida*, 457 U.S. 496, 102 S. Ct. 2557, 73 L. Ed.2d 172 (1982). However, "[t]he lack of an exhaustion requirement, however, helps to focus the nature of

---

[3] Defendants do not move for dismissal of Officer Viola's pre-deprivation due process violations at this point. Consequently, this claim moves forward.

plaintiff's grievance." *Quackenbush v. Johnson City School District*, 716 F.2d 141, 148 (2nd Cir. 1983).

It appears that Defendants claim that the Collective Bargaining Agreement insulates an employer from ever being held liable for due process violation for failure to hold post-deprivation hearings even when the employee does file a grievance. However, that is not the case. Defendants must provide a post-deprivation hearing once the CBA is activated. Defendants cannot forgo their responsibilities to hold a post-deprivation hearing by hiding behind the CBA.

Here, Viola has alleged that he filed a grievance, which he did, and therefore, Viola has met the requirements for a post-deprivation hearing. (See Exhibit "A", Grievances filed by Viola). At this stage, Viola has stated a claim for violation of his post-deprivation hearing since he requested a hearing through the CBA process, but to date, has not been provided with the same. (See Exhibit "A")

## POINT TWO
## OFFICER VIOLA HAS STATED A CLAIM
## FOR FAILURE TO TRAIN

Defendants claim that Viola has not pleaded fact sufficient to support a claim for failure to train. However, that is not the case. Viola has specifically stated the following in his Complaint:

31.    Defendant Throop failed to train its employees and agents not to voluntarily interfere and/or assist in matters of familial relations.

32.    Defendant Throop failed to train its employees and agents that before taking a property interest away from a full-time Police Officer it must provide an explanation of evidence and an opportunity to "tell his side of the story".

33.    Defendant Throop failed to train its employees and agents not to retaliate against employees who petition the government for redress.

34.    Defendant THROOP was deliberately indifferent to OFFICER VIOLA'S rights and intentionally failed to train its employees adequately as referenced above as well as failed to have policies in place prohibiting the conduct in question.

35.    Defendant THROOP's failure to train caused Officer VIOLA to be harmed as stated above. (See Complaint).

Viola was specifically clear allegation what training Throop failed to provide.  Viola stated that Throop failed to train employees not to interfere with familial relationships, not to retaliate against an employee petitioning the government, and to allow an employee the right to "tell his side of the story". Consequently, Defendants allegations that Viola was not clear in how Defendants failed to train employees is without merit.

### POINT THREE
### VIOLA HAS STATED HIS CLAIM SUFFICIENTLY
### AND DOES NOT NEED TO PROVIDE MORE INFORMATION
### THAT CAN BE OBTAINED IN DISCOVERY

The pleadings that cover 12(e) motions are "quite small – the pleading must be sufficiently intelligible for the court to make out one or more potential viable legal theories … but it must be so vague or ambiguous that the opposing party

cannot respond, even with a simple denial, in good faith or without prejudice to himself". *Blue Line Coal Co. v. Equibank*, 683 F. Supp. 493 (E.D. Pa. 1988). Using a motion for 12(e) as a substitute for discovery is impermissible. *Hides v. Certainteed Corp.*, 1995 U.S. Dist. LEXIS 10849.

In *Blue Line Coal*, the court refused to require plaintiff to amend his complaint holding that plaintiff stated his claims adequately, and although he did "not allege specific conduct, this information can be obtained through discovery". *Blue Line, supra*.  "The overall scheme of the federal rules calls for relatively skeletal pleadings and places the burden of unearthing factual details on the discovery process." *Hides, supra.*

Unlike *Blue Line*, here, Viola <u>did</u> allege facts. Viola alleged that he testified at a hearing concerning family relationships on May 18, 2006. (Complaint pp. 13). All Defendants, Mayor Lukowski, Chief Furiso and Councilman Tony Chazan were present at a hearing in Lackawanna County Courthouse, and Viola asserted that fact. (Complaint pp. 14).  Viola also advised that Defendants had no purpose for being at the familial hearing. (Complaint pp. 14). Viola asserted that Defendant Chief Furiso actually transported the familial petitioner to the Lackawanna Courthouse to attack Viola. (Complaint pp. 14).

Certainly, all of those facts provide sufficient notice to Defendants of a claim for interference with familial relationships and invasion of privacy/publicity

to a private matter.  Therefore, Defendants should not be allowed to use the instant motion instead of pursuing discovery.  "One fundamental aspect of the federal rules is the motion that a plaintiff who identifies the transaction or occurrence from which his grievance stems and specifies the injury inflicted upon him in a way that at least indicates some possibility of a right to legal redress has stated a claim for relief and is entitled to attempt to flesh out his case by discovery." *Hides, supra.*

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff requests that this Court deny Defendants' motion to dismiss and motion for more definite statement.

By: <u>s/ Cynthia L. Pollick</u>
Cynthia L. Pollick, Esquire
Pa. I.D. No.: 83826
Greater Pittston Professional Center
126 S. Main Street, Suite 201
Pittston, PA 18640
(570) 654-9675
pollick@lawyer.com

## **CERTIFICATE OF SERVICE**

Cynthia L Pollick, Esquire, hereby certifies that on November 20, 2006, she

served a copy of Plaintiff's Brief in Opposition to Defendants' Motion to Dismiss

by serving a copy via electronically on Defendants:

> Mr. John Dean, Esquire
> Elliott Greenleaf, Siedzikowski & Dean
> 201 Penn Avenue, Suite 202
> PO Box 69
> Scranton, PA 18501

s/ Cynthia L. Pollick<br>Cynthia L Pollick, Esquire