## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ERIC VIOLA,** : | No. 3:06cv1930 |
|     **Plaintiff,** : | |
| : | (Judge Munley) |
| **v.** : | |
| : | |
| **VILLAGE OF THROOP,** : | |
| **TOM LUKASEWICZ, individually and** : | |
| **as Council President,** : | |
| **STANLEY LUKOWSKI, individually** : | |
| **and as Mayor,** : | |
| **NEIL FURIOSI, individually and as** : | |
| **Chief of Police, and** : | |
| **TONY CHAZAN, individually and as** : | |
| **Council President,** : | |
|     **Defendants** : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

### **MEMORANDUM**

Before the court is defendants' motion to dismiss and for a more definite statement of (Doc. 2) the plaintiff's complaint. Having been fully briefed and argued, the matter is ripe for disposition.

**Background**

Plaintiff Eric Viola was a police officer for the Village of Throop, where he worked for six years. (Complaint (Doc. 1) (hereinafter "Complt.") at ¶ 10). He was previously an officer for the Borough of Dunmore, working there for nine years. (Id. at ¶ 11). According to the plaintiff's complaint, on May 19, 2006 Officer Viola "testified at a hearing concerning family relationships." (Id. at ¶ 13). Village Mayor

Stanley Lukowski, Police Chief Neil Furiosi and Councilman Tony Chazan attended this hearing. (Id. at ¶ 14). These officials had no purpose for being at the hearing. (Id.). They were witnesses for neither party. (Id.). Chief Furiosi transported the petitioner in the case to the courthouse "to pursue the issues being addressed against one of his own men, Officer Viola." (Id.).

Officer Viola prevailed in this hearing. (Id. at ¶ 15). Within seven days, however, "Officer Viola became the victim of an alleged investigation." (Id. at ¶ 16). This investigation resulted in an indefinite suspension for the plaintiff. (Id. at ¶ 17). He was not shown the evidence against him or given an opportunity to respond. (Id.). As a result of the suspension, he lost wages and benefits. (Id. at ¶ 18). In late June 2006 Officer Viola filed a grievance over this suspension. (Id. at ¶ 19). On July 14, 2006, Officer Viola received another ten-day suspension from work, which the plaintiff contends was issued in retaliation for his filing a grievance. (Id. at ¶ 20).

The plaintiff brought this suit in state court pursuant to 42 U.S.C. § 1983, alleging violations of his rights under the First, Fourth and Fourteenth Amendments to the United States Constitution. Count one of the complaint alleges violations of Viola's "constitutional right to be free from injury to reputation" as well as due process and equal protection violations. Count two alleges retaliation for plaintiff's exercise of his right to petition by grievance. Count three alleges a violation of plaintiff's "constitutional right to be free from governmental interference with family relationships," state law invasion of privacy claims, and a complaint about publicity

2

given to his private life.  Count IV raises a failure to train complaint, alleging that Defendant Throop did not "train its employees and agents not to voluntarily interfere and/or assist in matters of familial relations." (Id. at ¶ 31).  These allegations include failure to train employees in the need to provide plaintiff with due process rights before suspending him, and not to retaliate against employees who exercised their rights.  (Id. at ¶ 32).  Plaintiff also alleges that the defendants failed to have adequate polices in place to prevent such conduct.  All of the claims are raised against all of the defendants, and each seeks in excess of $30,000.  The defendants removed this case to federal court on September 28, 2006.

On October 5, 2006 defendants filed a motion to dismiss (Doc. 2).  The motion seeks dismissal of Counts I and IV for failure to state a claim upon which relief can be granted and dismissal of the complaint against the individual defendants in their official capacities.  The motion also seeks a more definite pleading on Count III, which alleges violation of privacy rights and interfering with family relationships.  The parties then filed briefs on the matter, bringing the case to its present posture.

**Jurisdiction**

As this case is brought pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.* for unlawful employment discrimination, we have jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").  We  have supplemental jurisdiction over the plaintiff's state law

3

claims pursuant to 28 U.S.C. § 1367.

**Legal Standard**

The case is before this court in part on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  When a 12(b)(6) motion is filed, the sufficiency of a complaint's allegations are tested.  The issue is whether the facts alleged in the complaint, if true, support a claim upon which relief can be granted.  In deciding a 12(b)(6) motion, the court must accept as true all factual allegations in the complaint and give the pleader the benefit of all reasonable inferences that can fairly be drawn therefrom, and view them in the light most favorable to the plaintiff. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).

Defendants also filed a motion for a more definite pleading pursuant to Federal Rule of Civil Procedure 12(e).  Rule 12(e) establishes that "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definitive statement before interposing a responsive pleading." FED. R. CIV. P. 12(e).  Such motions are "directed to the rare case where because of the vagueness or ambiguity of the pleading the answering party will not be able to frame a responsive pleading."  Schadler v. Eagle Publications, Inc., 370 F.2d 795, 798 (3d Cir. 1967); see also Pitcavage v. Mastercraft Boat Co., 632 F. Supp. 842, 850 (M.D. Pa. 1985).

**Discussion**

Defendants have moved for dismissal of plaintiff's claims on a variety of grounds. We will address each in turn.

**a. Substantive Due Process**

The defendants argue that plaintiff cannot make out a substantive due process claim because this claim is based on the defendants' decision to suspend him from his position. They contend that public employment is not a fundamental right protected by the Fourteenth Amendment, but is instead simply a state-created contract right. Accordingly, defendants argue, plaintiff cannot obtain relief on substantive due process grounds. Plaintiff responds that he is not bringing a substantive due process complaint, and therefore arguments on this issue are moot.

Since the parties agree on this point, we will grant defendants' motion to dismiss plaintiff's claim of substantive due process violations under the Fourteenth Amendment.

**b. Procedural Due Process**

Defendants argue that plaintiff has not stated a claim for a violation of his due process rights in his suspension. They contend that the collective bargaining agreement between the Borough and its police union provides a grievance procedure and that as a matter of law this grievance procedure provides plaintiff with all of the procedure he is due. Defendants do not seek, however, to dismiss Count I to the extent that it "attempts to allege a violation of pre-deprivation procedural due process" because of the extensive factual inquiry required. (Brief in Support of

Motion to Dismiss (Doc. 3) at 8 n.5).

The Third Circuit Court of Appeals has held that "in cases in which a due process claim is raised against a public employer, and grievance and arbitration procedures are in place, . . . those procedures satisfy due process requirements 'even if the hearing conducted by the Employer . . . [is] inherently biased.'" Leheny v. City of Pittsburgh, 183 F.3d 220, 228 (3d Cir. 1998) (quoting Dykes v. SEPTA, 68 F.3d 1564, 1571 (3d Cir. 1995)). In addition, "[g]rievance procedures outlined in a collective bargaining agreement can satisfy due process requirements." Id. To determine whether a grievance procedure satisfies due process requirements, a court must examine: "[f]irst, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." Dykes v. Southeast Pennsylvania Trans. Auth. 68 F.3d 1564, 1571 (3d Cir. 1995).

As near as we can tell from the bare allegations of the complaint, plaintiff appears to allege that he engaged in a grievance procedure with regard to the suspension he received. He apparently alleges that this procedure was inadequate. We disagree with defendants that the mere presence of a bargained-for grievance procedure indemnifies a defendant from liability for a violation of a plaintiff's due-

6

process rights. Court decisions conclude, after all, only that the presence of a collectively-bargained grievance procedure "may" satisfy due process requirements. Leheny, 183 F.3d at 228. A court would have to conclude that the procedures utilized in the grievance are adequate. Since plaintiff has alleged the inadequacy of a grievance procedure, we find that he has satisfied the requirements for a procedural due process claim for his post-deprivation experience. We will deny the motion to dismiss on this point.

### c. Failure to Train

The Supreme Court has held that "[o]nly where a municipality's failure to train its employees in a relevant respect evidences a 'deliberate indifference' to the rights of its inhabitants can such a shortcoming be properly thought of as a city 'policy or custom' that is actionable under § 1983." City of Canton v. Harris, 489 U.S. 378, 389, (1989). Further, "[w]hen a plaintiff alleges that a municipality has not directly inflicted an injury, but has caused an employee to do so, stringent standards of culpability and causation must be applied to ensure that the municipality in a § 1983 suit is not held liable solely for the conduct of its employee." Reitz v. County of Bucks, 125 F.3d 139, 145 (3d Cir. 1997). These strict standards exist because "in enacting § 1983, Congress did not intend to impose liability on a municipality unless *deliberate* action attributable to the municipality itself is the 'moving force' behind the plaintiff's deprivation of federal rights." Board of the County Commissioners of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 399 (1997) (emphasis in original).

In order to prevail on such a claim, "a plaintiff seeking to impose liability on a municipality under § 1983 [must] identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." Id. at 403. Liability attaches either to an official policy or to a "custom" that constitutes a "practice . . . so widespread as to have the force of law." Id. at 404. In the context of a motion to dismiss a plaintiff "must allege that a 'policy or custom' of [the defendants] was the 'moving force' behind a violation of his Eighth Amendment Rights." Grayson v. Mayview State Hosp., 293 F.3d 103, 107 (3d Cir. 2002) (citing to Brown, 520 U.S. at 404). When plaintiff asserts liability on the basis of a failure to train, "[a] plaintiff pressing a § 1983 claim must identify a failure to provide specific training that has a causal nexus with their injuries and must demonstrate that the absence of that specific training can reasonably be said to reflect a deliberate indifference to whether constitutional deprivations occurred." Reitz v. County of Bucks, 125 F.3d 139, 145 (3d Cir. 1997)

Defendants argue that plaintiff's allegations of failure to train against the defendants are conclusory and fail to meet the pleading requirement that a plaintiff must point to the specific policies that were deficient in order to state a claim. The plaintiff does not specify, defendants contend, which policies and procedures were inadequate, and how the complained-of inadequacies related to a training program.

Plaintiff points to several paragraphs in the complaint where he claims he alleged a failure to train, such as ¶ 31, where plaintiff claims that "Defendant Throop failed to train its employees and agents not to voluntarily interfere and/or assist in

8

matters of familial relations"; ¶ 32, where plaintiff claims "Defendant Throop failed to train its employees and agents that before taking a property interest away from a full-time Police Officer it must provide an explanation of evidence and an opportunity to 'tell his side of the story'"; ¶ 33, "Defendant Throop failed to train its employees and agents not to retaliate against employees who petition the government for redress"; ¶ 34, "Defendant Throop was deliberately indifferent to Officer Viola's rights and intentionally failed to train its employees adequately as referenced above as well as failed to have policies in place prohibiting the conduct in question"; ¶ 35, "Defendant Throop's failure to train caused Officer Viola to be harmed as stated above." Plaintiff claims that these allegations were sufficiently detailed in that they alleged that Throop failed to train its employees "not to interfere with familial relationships, not to retaliate against an employee petitioning the government, and to allow an employee the right to 'tell his side of the story.'"

We find that these allegations are sufficient to survive a motion to dismiss. Plaintiff points to the areas where he claims the Borough failed to provide training. He describes the injuries he alleges resulted from those failures. While these allegations are in some respects conclusory, we recognize that at this early stage of the litigation we cannot expect the plaintiff to have detailed knowledge of all of the defendants' policies and training methods. Presuming that plaintiff could, after discovery, point to the specific content of these policies and explain how they led to violations of his rights, he could prevail on this claim. We will deny defendants'

9

motion to dismiss this claim.

### d. Claims Against Individual Defendants in their Official Capacities

Defendants also contend that the claims against the individual defendants in their official capacities must be dismissed because they are redundant to the complaints against the Borough. Suing an officer in his official capacity, defendants argue, is only another way of bringing a claim against the municipality and must be dismissed. Plaintiff concedes that these claims should have been brought against the individual defendants only in their individual capacities. We will therefore grant defendants' motion to dismiss the complaint against the individual defendants in their official capacities.

### e. Count III

Defendants contend that plaintiff should be ordered to file a more specific pleading on Count III to allow them to respond to the complaint without prejudicing themselves. Federal Rule of Civil Procedure 12(e) provides that "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." FED. R. CIV. P. 12(e). "Motions for a more definite statement are not viewed with favor and should be granted only if the allegations contained in the complaint are so vague that the defendant cannot reasonably be expected to frame a response to it." Wilson v. United States, 585 F. Supp. 202, 205 (M.D. Pa. 1984); see also Schaedler v.

Reading Eagle Publication, Inc., 39 F.R.D. 22, 23 (E.D. Pa. 1965) (granting a motion for a more definite statement where the complaint was "a prolix potpurri of aspersion, recrimination, accusation and argument" and "the defendant cannot frame a responsive pleading to plaintiff's complaint.").

Defendants argue that plaintiff's claim is too vague to allow them to file a responsive pleading without prejudicing themselves.  Defendants also contend that the pleading does not identify the specific defendants against whom he is asserting his claims, and should be required to do so.  The complaint also does not specify which constitutional rights were violated in this claim, which defendants insist is a requirement under section 1983.

We will grant this motion for a more specific pleading.  Read generously, the count of the complaint that alleges a violation of plaintiff's constitutional rights in relation to his family does not appear to put defendants on notice of the claims against them.  Count III, entitled "Violation of Officer Viola's Constitutional Right to be Free From Governmental Interference with Family Relationships; State Claims of Invasion of Privacy; Publicity Given to a Private Life," does not allege conduct by which the defendants could determine which rights under the federal or Pennsylvania constitutions they are accused of violating.  Plaintiff simply alleges that one of the defendants transported a witness who had complained about him to a hearing, and that this witness attacked the plaintiff.  Such information is insufficient for defendants to understand or answer the claims against them, and we will order

the plaintiff to state facts in this claim sufficient to allow defendants to understand and answer the charges against them. While we are cognizant of the limited requirements of our notice pleading system, we are required to ensure that plaintiff states a claim that actually puts defendants on notice of the claims against them. This complaint does not do so.

**f. Equal Protection and Fourth Amendment Claims**

Defendants point out that the plaintiff's complaint alleges violations of his Fourth Amendment and equal protection rights under the Fourteenth Amendment. After initially mentioning those allegations, however, the complaint never mentions them again or alleges facts which could constitute violations of either provision. Accordingly, defendant argues, we should dismiss the Fourth Amendment and Equal Protection claims for failure to state a claim upon which relief can be granted.

Plaintiff makes no argument as to why the Fourth Amendment claim should remain in the case. In terms of the equal protection claim, plaintiff responds that after discovery "Viola will show that he was treated differently than other similarly situated police officers, and therefore, he will have an Equal Protection claim." At this point, plaintiff argues, he can offer only "'a short and plain statement to show a right to relief, not a detailed recitation of the proof that will in the end establish such a right.'" (quoting Pryor v. NCAA, 288 F.3d 548 (3d Cir. 2002).

Plaintiff makes no allegations of unreasonable search and seizure, and does not dispute that his Fourth Amendment claim should be dismissed. Accordingly, we

will do so. We will also dismiss plaintiff's equal protection claim without prejudice. In order to survive a motion to dismiss, plaintiff must point to alleged facts which, if proved true, would entitle him to relief. See Morse, 132 F.3d at 906. Plaintiff here alleged no facts that would constitute a violation of his right to equal protection of the laws, but simply contends that after discovery he will be able to find some facts with which he could craft such a claim. While the pleading requirements under the Federal Rules of Civil Procedure are indeed broad, they are not so broad that a plaintiff can file a speculative claim without knowledge of actual events, hoping that discovery will provide some basis to support that claim. "A court need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." Id. (quoting In re Burlington Coat Factory Securities Litigation, 114 F.3d 1410, 1429-30 (3d Cir. 1997). Plaintiff admits to having no factual basis for this claim; the claim therefore cannot survive a motion to dismiss.

**Conclusion**

For the reasons stated above, we will grant the defendants' motion to dismiss in part and deny it in part. We will also dismiss the suit against the individual defendants in their official capacity and grant the defendants' motion for a more definite pleading on Count III. Our decision does not address Count II of the complaint.

13

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ERIC VIOLA,** | : | No. 3:06cv1930 |
| Plaintiff, | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| **VILLAGE OF THROOP,** | : | |
| **TOM LUKASEWICZ,** individually and | : | |
| as Council President, | : | |
| **STANLEY LUKOWSKI,** individually | : | |
| and as Mayor, | : | |
| **NEIL FURIOSI,** individually and as | : | |
| Chief of Police, and | : | |
| **TONY CHAZAN,** individually and as | : | |
| Council President, | : | |
| Defendants | : | |

## ORDER

**AND NOW**, to wit, this 2nd day of August 2007, the defendants' motion to dismiss Counts I and IV of plaintiffs' complaint (Doc. 7) is hereby **GRANTED** in part and **DENIED** in part., as follows:

1) Defendants' motion to dismiss plaintiff's procedural due process claim in Count I is hereby **DENIED**;

2) Defendants' motion to dismiss plaintiff's substantive due process claim in Count I is hereby **GRANTED**;

Case 3:06-cv-01930-JMM   Document 14   Filed 08/02/07   Page 15 of 15

3) Plaintiff's claims against the defendants in their official capacities are hereby **DISMISSED**;

4) Plaintiff's equal protection and Fourth Amendment claims are hereby **DISMISSED**;

5) Defendants' motion to dismiss plaintiff's failure-to-train complaint in Count IV is hereby **DENIED**; and

6) The defendants' motion for a more definite pleading as to Count III of plaintiffs' complaint is hereby **GRANTED.**

                                        BY THE COURT:


                                        **S/ James M. Munley**
                                        **JUDGE JAMES M. MUNLEY**
                                        **United States District Court**

15