## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC VIOLA, | : | No. 3:06cv1930 |
| Plaintiff, | : | |
| | : | (Judge Munley) |
| | : | |
| v. | : | |
| | : | |
| BOROUGH OF THROOP, | : | |
| TOM LUKASEWICZ,, | : | |
| STANLEY LUKOWSKI, | : | |
| NEIL FURIOSI, and | : | |
| TONY CHAZAN, | : | |
| Defendants | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

### MEMORANDUM

Before the court is plaintiff's motion for reconsideration (Doc. 34) of this court's order (Doc. 33) granting defendants' motion for summary judgment. For the reasons stated below, the court will deny that motion.

**Background**[1]

Plaintiff Eric Viola has been employed as a police office by the Village of Throop, Pennsylvania since 2000. (Defendants' Statement of Material Facts as to which no genuine issue remains to be tried (Hereinafter "Defendants' Statement") (Doc. 23) at ¶ 6). As a full-time police officer, plaintiff was a member of the Throop Police Officers Association and employed pursuant to a collective bargaining agreement. (Id. at ¶¶ 7-8).

---

[1]The court cites to the defendants' statement of material facts for those facts which are not disputed. If the parties dispute facts, the decision will note that.

Plaintiff testified on May 18, 2006 at a hearing regarding a petition for a protection from abuse ("PFA") filed by his ex-girlfriend in Lackawanna, Pennsylvania county court.  (Id. at ¶ 9).  The judge at that hearing did not issue the PFA. (Plaintiff's Statement of Facts in Dispute (hereinafter "Plaintiff's Statement") (Doc. 28) at ¶ 9).  Though they did not testify, Defendants Police Chief Neil Furiosi, Borough Councilman Tony Chrzan and Mayor Stanley Lukowski were present at the hearing.  (Id.).

The Borough suspended plaintiff with pay on June 9, 2006.  (Defendants' Statement at ¶ 10).  The Borough informed plaintiff of his suspension by letter.  (See Defendants' Statement, Plaintiff's Deposition (Exh. 1), Exh. 7).[2]  As reasons for the suspension, the letter reported that during the week of May 29, 2006, plaintiff had been observed "going into [his] residence several times during [his] shift, and remaining [there] for approximately one-half of [his] entire shift."  (Id.).  Plaintiff, the letter claimed, had also twice failed to respond to calls from the Communications Center.  (Id.).  During this period of suspension, the Defendant Borough deducted sick time from plaintiff's account.  (Defendant's Statement at ¶ 14).  After plaintiff complained that this deduction was improper, the Borough restored his sick time. (Id. at ¶ 15).

On June 15, 2006, the Defendant Borough again wrote to the plaintiff,

---

[2]Defendants have included plaintiff's deposition as Exhibit 1 of their statement of facts.  Included in this deposition are individual exhibits, which are also numbered.  Any further citation from the exhibits to this deposition will be noted as "Dep. Exh. (No.)."

informing him of a hearing scheduled for July 5, 2006.  (Dep. Exh. 8).  The letter

noted that plaintiff had been subjected to a disciplinary action which had a potential

effect on his pay and employment with the Borough.  (Id.).  At the hearing, the letter

stated, plaintiff would "be given an opportunity to respond to these allegations before

Throop Borough Council and offer any evidence" plaintiff possessed which would

allow him to reduce or eliminate the disciplinary action he faced.  (Id.).

     Plaintiff notified the Borough on June 23, 2006 that he had retained counsel,

who would represent him at the hearing.  (Defendants' Statement at ¶ 17; Dep. Exh.

10).  That same day, plaintiff filed a grievance against the Borough challenging his

paid suspension.  (Id. at ¶ 18).  In his grievance, plaintiff alleged that the Department

had suspended him without just cause and in violation of his due process rights.

(Dep. Exh. 24).  Plaintiff complained that he had been suspended without an

explanation of the evidence against him or an opportunity to present his version of

events.  (Id.).  He sought reinstatement, removal of documents related to the

suspension from his personnel file, and restoration of the benefits he had lost.  (Id.).

Plaintiff thus filed the documents necessary to state a grievance about his June 9,

2006 suspension.  (Defendants' statement at ¶ 20).

     A hearing on plaintiff's suspension took place on July 11, 2006.  (Id. at ¶ 21).

Counsel represented plaintiff at the hearing.  (Id. at ¶ 22).  Plaintiff testified at this

hearing.  (Id. at ¶ 23).  A witness, Charles Reed, testified for the plaintiff at this

hearing.  (Id. at ¶ 24).  This witness testified at the hearing and in his deposition that

others had committed the same offenses–leaving their assigned posts during shifts–for which the plaintiff had been punished.  (Deposition of Charles Reed, Exh. 5 to Defendants' Statement (hereinafter "Reed Dep.") at 6-7).  One officer took time away from his shift to start vehicles belonging to his busing company.  (Id. at 7).  Reed could not recall officers–except for plaintiff–being punished by the Borough for such behavior.  (Id. at 9-10).  He testified that he was "not aware" of whether others in the police force were disciplined for such behavior.  (Id. at 15).  The Borough suspended the plaintiff for ten days without pay after this hearing.  (Defendants' Statement at ¶ 25).

Plaintiff filed a complaint in the Court of Common Pleas of Lackawanna County, Pennsylvania on August 31, 2006.  (Doc. 1-2).  Defendants removed the case to this court on September 28, 2006.   (Doc. 1).  One week later, they filed a motion to dismiss the complaint. (Doc. 2).  After the court considered briefs and oral argument, we denied the motion to dismiss in part and granted it in part.  (Doc. 14).  Plaintiff then filed an amended complaint.  (Doc. 15).  Count I of the amended complaint, brought pursuant to 42 U.S.C. § 1983, alleges that defendants violated plaintiff's due process rights by suspending him with pay indefinitely and without pay for ten days without giving him an opportunity to be heard.  (Id.).  Count II, also brought pursuant to Section 1983, contends that the defendants retaliated against the plaintiff by suspending him without pay for ten days after he filed a grievance over his initial suspension.  (Id.).  Count III raises a claim for violation of plaintiff's

4

right to be free from governmental interference with family relationships, a state claim for invasion of privacy, and a claim of publicity given to a private life.  (Id. at 6-9).  Plaintiff claims that these wrongs arose from the PFA action dismissed against him.  Count IV is a failure to train claim against the defendants, who allegedly received no training about providing due process before suspending an officer.

After discovery closed, defendants filed a motion for summary judgment. (Doc. 22).  On August 5, 2008, this court issued a memorandum and order granting defendants' motion for summary.  Among the findings of the court was that plaintiff had not spoken on a matter of public concern and thus could not, as a state employee, maintain a cause of action for First Amendment retaliation.  On August 15, 2008, plaintiff filed the instant motion for reconsideration (Doc. 34), arguing that the court committed clear error of law in making this determination..

**Jurisdiction**

As this case is brought pursuant to 42 U.S.C. § 1983, the court has jurisdiction pursuant to 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). We  have supplemental jurisdiction over the plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

**Legal Standard**

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 799

5

F.2d 906, 909 (3d Cir.1985); Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros,

176 F.3d 669, 677 (3d Cir. 1999). The movant must demonstrate one of three

grounds for such a motion to be granted: (1) an intervening change in controlling

law; (2) the availability of new evidence not previously available; or (3) the need to

correct a clear error of law or to prevent manifest injustice.  Max's Seafood Cafe, 176

F.3d at 677.   A motion for reconsideration is not a proper vehicle to attempt to

convince the court to rethink a decision it has already made.  Glendon Energy Co. v.

Borough of Glendon, 836 F. Supp.1109, 1122 (E.D. Pa. 1993).  Such motions also

may not be used to give a dissatisfied party a chance to "[change] theories and try

again," obtaining a "'second bite at the apple.'" Bhatnagar v. Surrendra Overseas

Ltd., 52 F.3d 1220, 1231 (3d Cir. 1995); see also Ogden v. Keystone Residence,

226 F. Supp. 2d 588, 606 (M.D. Pa. 2002) (finding that "The simple fact that Ogden

is unhappy with the result of the April 19, 2001 opinion is an insufficient basis to

grant her relief.").

**Discussion**

        In his brief in support of his motion for reconsideration, plaintiff appears to

attempt to revisit the court's grant of summary judgment to the defendants on

plaintiff's due process claim.  He argues that the court erred in finding that his

prompt post-deprivation hearing following his initial, paid suspension provided him

with the procedure he was due under the circumstances.  Here, the defendant does

not point to any change in the controlling law, new evidence or clear error of law by

6

the court, but instead attempts to reargue the amount of process necessary under the circumstances.  Such arguments are improper on a motion for reconsideration, and the court will reject them.

The plaintiff's motion for reconsideration on his First Amendment retaliation claim, however, is a different matter.  Here, the plaintiff does point to a clear error of law in the court's interpretation.  The court found that the plaintiff needed to speak on a matter of public concern to prevail on a First Amendment retaliation claim.  In a First Amendment retaliation case if "a public employee speaks not as a citizen upon matters of public concern, but instead as an employee upon matters only of personal interest, absent the most unusual circumstances, a federal court is not the appropriate forum in which to review the wisdom of a personnel decision taken by a public agency allegedly in reaction to the employee's behavior."  Connick v. Myers, 461 U.S. 138, 147 (1983).  The court concluded that because plaintiff's speech was solely about an internal personnel matter and not related to any broader public concern he was not entitled to First Amendment protection against retaliation.

Plaintiff argues that the court committed clear error of law in finding that he did not speak on a matter of public concern when he filed a grievance concerning his paid suspension.  He points to Poraker v. Chaffinch, 501 F.3d 231 (3d Cir. 2007), to argue that his case should be analyzed under the Petition Clause of the First Amendment rather than as a case where a plaintiff spoke at a meeting or to a newspaper about conditions on the job.  Because plaintiff filed a grievance, he

7

argues, he is entitled to protection from First Amendment retaliation whether he

spoke on a matter of public concern or not.  We agree.

In Poraker v. Chaffinch, three Delaware State Troopers filed a complaint when

they were restricted to light duty after complaining in e-mails and through their

lawyer to the press about conditions at the indoor firing range they operated for the

State Police.  Poraker, 501 F.3d at 233-34.  The complaint the troopers filed

included a claim for violation of their free speech rights and a count alleging violation

of their rights under the Petition Clause.  Id. at 234.  After a jury found in favor of the

plaintiffs, the District Court granted defendants judgment as a matter of law, finding

that plaintiffs had not spoken on a matter of public concern but had simply performed

their official duties; they had thus not engaged in a protected activity.  Id.  The Third

Circuit Court of Appeals in Foraker addressed plaintiff's argument that the e-mails

sent regarding conditions at the firing range were an activity protected by the Petition

Clause of the First Amendment.  Id. at 235.  The court noted that "a public employee

who has petitioned the government through a formal mechanism such as the filing of

a lawsuit or grievance is protected under the Petition Clause from retaliation for that

activity, even if the petition concerns a matter of solely private concern."  Id. at 236

(citing San Filippo v. Bongiovanni, 30 F.3d 424 (3d Cir. 1994)).  Thus, when an

employee makes a "formal petition" such as by filing a grievance, "the employee

need not show that the subject matter of the petition involved a matter of public

concern."  Id. at 236.

The Court agrees with the plaintiff that it should have concluded that plaintiff engaged in protected activity by filing his grievance concerning his paid suspension. Of course, merely finding that plaintiff need not speak on a matter of public concern to avoid summary judgment on his petition-clause retaliation claim does not end the inquiry into this matter.  To prevail on a First Amendment retaliation claim, "First, plaintiff must show that he engaged in a protected activity.  Second, plaintiff must show that the protected activity was a substantial factor motivating the dismissal decision.  Finally, defendant may defeat plaintiff's claim by demonstrating that the same action would have taken place even in the absence of the protected conduct." San Filippo, 30 F.3d at 430.

The court must therefore determine whether summary judgment is appropriate on plaintiff's retaliation claim, even if plaintiff can establish that he engaged in a protected activity.   Granting summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  See Knabe v. Boury, 114 F.3d 407, 410 n.4 (3d Cir. 1997) (citing FED. R. CIV. P. 56(c)). "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original).

9

The court has concluded that plaintiff, in filing a petition that was not a sham, has satisfied the first of these three elements.  He must therefore establish that his grievance was a substantial motivating factor in the decision to suspend him without pay.  Plaintiff argues that defendants retaliated for his exercise of his petition rights by "suspending [him] for an additional 10 days without pay after already serving 32 days of the first suspension for the alleged same infractions.  Hence, Viola was sentenced twice for the same wrongdoing."  (Plaintiff's Brief in Support of his Motion for Reconsideration (Doc. 37) at 8).  The defendants did no additional investigation, "since it had been completed prior to the first suspension."  (Id. at 6).  Since this suspension appeared merely to add onto the original suspension, plaintiff contends that the filing of the grievance must have been a substantial motiving factor in the decision to suspend him with pay.

The court finds that the plaintiff's position misconstrues the facts of the case. A rational jury would have to reject plaintiff's claim that he was suspended twice for the same offense; instead, the defendants followed the procedures laid out to discipline officers in their collective bargaining agreement by delaying a suspension that cost plaintiff pay until a formal hearing could examine the allegations against him.  This procedure consisted of a June 9, 2004 letter that informed plaintiff he had been suspended with pay and gave him the reasons for his suspension.  A letter sent plaintiff on June 15, 2004 informed him that he was entitled to a hearing before any further disciplinary action would take place.  The terms of the June 15, 2004

letter make clear that plaintiff "may be subject to disciplinary action which could affect your pay and/or your employment as a Throop Police Officer." (See Exh. 3 to Defendants' Statement (Doc. 24-3) at 36). This language conforms to the labor agreement between officers and the Village of Throop, which establishes that "[n]o dismissal, demotion, reassignment, or other personnel action which might result in the loss of pay or other benefits or which might otherwise be considered a punitive measure shall be taken against any Police Officer unless such Police Officer is notified of the action and the reason or reasons thereof prior to the effective date of such action." (Agreement Setting Forth Wages, Working Conditions and Other Benefits of Employment Between the Borough of Throop and the Throop Police Officers Association, Attached as an Exhibit to Defendants' Statement (Doc. 54-4) at 19). On July 11, 2004, plaintiff appeared with his attorney at the hearing. At the close of this hearing, the defendants suspended plaintiff without pay for ten days.

The court finds that plaintiff has presented no evidence by which a jury could conclude that his filing of a grievance was a "substantial motivating factor" in the decision to suspend him without pay for ten days. San Filippo, 30 F.3d at 340. Between the time that plaintiff received notice of his suspension and the disciplinary activity contemplated against him, he hired an attorney and filed a grievance. Given the fact that the disciplinary hearing was a normal part of the disciplinary procedure in the police department and the hearing was scheduled before plaintiff ever filed his grievance, a jury could not find that the decision to hold the hearing was motivated

11

by the grievance.   Plaintiff apparently contends that the decision at the hearing was a result of this grievance, and not an outcome of the procedure that had been initiated before he ever hired an attorney.  He does not point, however, to any evidence that indicates that the decision at the hearing came because he filed a grievance and not because of the evidence that had been accumulated against him. Therefore, no evidence exists by which a jury could find that the grievance plaintiff filed was a substantial motivating factor in the decision to suspend him.

Moreover, even if a jury could find that the filing of the grievance was a substantial motiving factor in the decision to suspend plaintiff without pay, plaintiff has not presented any facts by which a jury could discount the defendants' evidence that plaintiff's suspension came because he had failed properly to perform his duties as a police officer.   Plaintiff merely repeats the unfounded allegation that he was suspended twice for the same offense, and does not challenge the facts that underlay that suspension.[3]  As such defendants have "defeat[ed] plaintiff's claim by demonstrating that the same action would have taken place even in the absence of the protected conduct."  San Filippo, 30 F.3d at 430.  Accordingly, plaintiff has not established that there exists any genuine issue of material fact on the issue of First Amendment retaliation, and summary judgment is appropriate on that claim.

------

[3]The court notes that to accept plaintiff's position–that a mere temporal proximity between the filing of a grievance and an adverse decision in a disciplinary hearing justifies a finding of first amendment retaliation–would be to allow a plaintiff to recover whenever he files a grievance related to a disciplinary proceeding against him, no matter how just the disciplinary action.

**Conclusion**

For the reasons stated above, the court will deny the plaintiff's motion for reconsideration.  An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ERIC VIOLA,** | : | **No. 3:06cv1930** |
| **Plaintiff,** | : | |
| | : | **(Judge Munley)** |
| | : | |
| **v.** | : | |
| | : | |
| **BOROUGH OF THROOP,** | : | |
| **TOM LUKASEWICZ,,** | : | |
| **STANLEY LUKOWSKI,** | : | |
| **NEIL FURIOSI, and** | : | |
| **TONY CHAZAN,** | : | |
| **Defendants** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

_____**AND NOW**, to wit, this 31st day of October 2008, the plaintiff's motion for

reconsideration (Doc. 34) is hereby **DENIED**.


                                        **BY THE COURT:**


                                        **s/ James M. Munley**_____
                                        **JUDGE JAMES M. MUNLEY**
                                        **United States District Court**

14